■ In the Matter of ODALIS F., a Person Alleged to be a Juvenile Delinquent, Appellant. [925 NYS2d 22]—

Order of disposition, Family Court, Bronx County (Nancy M. Bannon, J.), entered on or about March 31, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the fourth degree, reckless endangerment in the second degree and menacing in the second degree, and imposed a conditional discharge for a period of 12 months, unanimously reversed, on the law, without costs, the delinquency finding vacated, and the petition dismissed.

The presentment agency's case rested on a 911 call made by a nontestifying complainant, who was appellant's older brother. We conclude that the call was improperly admitted as an excited utterance.

An extrajudicial statement is admissible under the excited utterance exception to the hearsay rule when the declarant is "so influenced by the excitement and shock of [a startling] event that it is probable that he or she spoke impulsively and without reflection" (*People v Caviness*, 38 NY2d 227, 231 [1975]). "[T]he time for reflection is not measured in minutes or seconds, but

rather is measured by facts" (*People v Vasquez*, 88 NY2d 561, 579 [1996] [internal quotation marks omitted]).

In *People v Robinson* (282 AD2d 75 [2001]) we considered the admissibility of a 911 call under the analogous present sense impression exception to the hearsay rule. We held that a victim's 911 call made several minutes after a robbery was inadmissible where the declarant called her employer to report the robbery before calling the police; it could not be said that she did not have time to reflect on the event before calling 911.

Notwithstanding the different bases for presuming the trustworthiness of statements under the respective hearsay exceptions, a declarant's activities before making the statement at issue are relevant under both. Here, the complainant's conduct prior to calling 911, like that of the declarant in *Robinson,* indicates a capacity for deliberation and reflection. Although the testimony did not establish how much time passed between the time appellant allegedly threatened the complainant with a knife and the time he placed the 911 call, it is clear that several intervening events occurred. The complainant called his mother on the phone and waited for her to get home. When his mother arrived, the complainant asked her whether he should call the police.

Moreover, other than the recording of the 911 call itself, there is no evidence of the existence of the allegedly startling event that led to the alleged excited utterance. Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.